**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

ESTATE OF VICTOR LAMBOU et al.,

Plaintiffs,

v. CASE NO. 1:24cv228-RH-ZCB

THE SKETCHLEY LAW FIRM et al.,

Defendants.

_________________________________/

## ORDER DEFERRING A RULING ON ATTORNEY'S FEES

This action has been dismissed, and the plaintiffs have appealed. Pending in this court are six defense motions for attorney's fees and the plaintiffs' motion to strike them. Also pending is the question whether fees should be awarded on the court's own motion as a sanction under Federal Rule of Civil Procedure 11. This order denies the motion to strike and defers consideration of the fee motions pending resolution of the appeal.

The plaintiffs are correct that fees may be awarded on a party's Rule 11 motion only if the movant provided 21 days' notice and opportunity to cure. But only one of the six pending motions relies on Rule 11, and that motion asserts the

required notice was given. Moreover, the 21-day requirement does not apply to Rule 11 sanctions on the court's own motion, and this order requires the plaintiffs' attorney to show cause why Rule 11 sanctions should not be entered on that basis. *See* Fed. R. Civ. P. 11(c)(3). In any event, the fee motions cannot be struck or denied based on the 21-day requirement.

One asserted basis for a fee award is Florida Statutes § 501.2105(1): "In any civil litigation resulting from an act or practice involving a violation of this part, except [in an action brought by the enforcing authority], the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." The plaintiffs have appealed, so an award under this provision, even if otherwise appropriate, would not yet be ripe.

Deferring consideration of the other asserted grounds for a fee award also is appropriate. *See* Fla. Stat. § 772.11(1) ("The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support.").

Finally, a procedural note. Local Rule 54.1 adopts a bifurcated attorney's fee procedure. A party must obtain an order determining the party's entitlement to a fee award before seeking a determination of the amount of the award. Further

submissions on this subject should address only entitlement until an order is entered determining that issue.

IT IS ORDERED:

1. The plaintiffs' motion to strike, ECF No. 96, is denied.

2. This paragraph applies to the claims against defendants other than Twyla Sketchley, the Sketchley Law Firm, the Sketchley Method, Howard W. Kessler, or Anne Van Meter. The paragraph applies separately to each other defendant. If, prior to filing their initial brief in the United States Court of Appeals for the Eleventh Circuit, the plaintiffs have not explicitly abandoned their claim against a defendant under consideration, the plaintiffs' attorney of record must show cause why sanctions, including an award of attorney's fees and costs and other monetary sanctions, should not be awarded against them, jointly and severally, for pursuing the claims against that defendant in violation of Federal Rule of Civil Procedure 11(b) without evidentiary support or, when specifically so identified, the likelihood of evidentiary support after a reasonable opportunity for further investigation or discovery.

3. The deadline for the plaintiffs' attorney to show cause as required by paragraph 2 is 14 days after issuance of an Eleventh Circuit mandate dismissing the pending appeal or affirming the dismissal of the claims against the defendant under consideration. But if, prior to filing their initial brief in the Eleventh Circuit,

the plaintiffs have abandoned their claims against all defendants other than those excluded by the first sentence of paragraph 2, there will be no remaining requirement to show cause.

4. The plaintiffs must file a further response on the merits to each pending motion for attorney's fees, ECF No. 84, 85, 86, 87, 88, and 89, within 14 days after issuance of an Eleventh Circuit mandate dismissing the pending appeal or affirming the dismissal of the claims against the moving defendant.

5. Consideration of the pending fee motions and order to show cause is stayed until 14 days after issuance of an Eleventh Circuit mandate in the pending appeal.

SO ORDERED on September 4, 2025.

s/Robert L. Hinkle
United States District Judge