IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ESTATE OF VICTOR LAMBOU et al.,

    Plaintiffs,

v.                        CASE NO. 1:24cv228-RH-ZCB

THE SKETCHLEY LAW FIRM et al.,

    Defendants.

_____/

ORDER REQUIRING NOTICES ADDRESSING
THE PLAINTIFFS' REPRESENTATION

    Three attorneys of record have appeared for the plaintiffs in this action: Thomas L. Hunker, Virginia Ashley Paxton, and Michael Ferderigos. Mr. Hunker and Ms. Paxton have filed three versions of a motion for leave to withdraw. They have not given reasons for the proposed withdrawal. The first version of the motion asserts both that the plaintiffs do not object ("Plaintiffs and all counsel for Defendants have been notified of the filing of this motion and do not object") and that the plaintiffs do object ("Plaintiffs do not consent to the Withdrawal of Counsel as set forth above"). The second and third versions delete the sentence saying the plaintiffs and defendants do not object. So the second and third versions

of the motion assert the plaintiffs object and give no indication of the defendants' position.

None of the motions have a certificate of attorney conferral as required by Local Rule 7.1(C).

All three versions of the motion say the withdrawal of Mr. Hunker and Ms. Paxton would leave the plaintiffs pro se. That is not what the docket shows. This order requires the plaintiffs and attorneys to address whether Mr. Ferderigos is still in the case and, if not, when and how he exited.

In any event, leave for the last attorney to withdraw will not be granted without two things the current motions lack. The first is either (a) an appearance by a substitute attorney for two plaintiffs in their capacities as personal representatives, because a personal representative cannot proceed pro se in representing an estate, or (b) a showing of grounds for abandoning such a plaintiff despite that prohibition. The second prerequisite to any such withdrawal is notice of a physical address where any pro se plaintiff can receive hard-copy mailings.

Especially given the history of this litigation, the plaintiffs' attorneys should ensure that future motions are accurate and comply with all applicable rules.

IT IS ORDERED:

1. The motions of attorneys Hunker and Paxton for leave to withdraw, ECF Nos. 106, 107, and 108, are denied without prejudice.

2. By January 20, 2026, the plaintiffs must file a notice stating whether Mr. Ferderigos is still representing them in this action and, if not, when and how the representation ended. The notice must be filed by an attorney of record for the plaintiffs, and if any attorney of record disagrees with the filing, that attorney of record must file by January 27, 2026 a notice stating that attorney's position. Each attorney of record is responsible for filing the initial notice, but if one notice has been filed, an attorney who agrees with it need not file another notice.

SO ORDERED on January 5, 2026.

> s/Robert L. Hinkle
> United States District Judge