**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 03, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-12498-EE
Case Style: Denita Lambou, et al v. Twyla Sketchley, et al
District Court Docket No: 1:24-cv-00228-RH-ZCB

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

**NOT FOR PUBLICATION**

In the
# United States Court of Appeals
For the Eleventh Circuit

---

No. 25-12498
Non-Argument Calendar

---

DENITA LAMBOU,
Personal Representative, Individually,
GERALYN LAMBOU,
Beneficiary & Individually,

*Plaintiffs-Appellants,*

VICKI LAMBOU,
Individually, et al.,

*Plaintiffs,*

*versus*

TWYLA SKETCHLEY,
Professionally & Individually,
HOWARD KESSLER,
Professionally & Individually,
ANN VAN METER,
Professionally & Individually,
WILLIAM JOHNSON,
Professionally & Individually,

PAUL KATZ,
Dr. Professionally & Individually, et al.,

*Defendants-Appellees,*

VICTOR HEULER, et al.,

*Defendants.*

---

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:24-cv-00228-RH-ZCB

---

Before JILL PRYOR, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

In December 2024, Denita, Geralyn, and Vicki Lambou, acting on behalf of Victor Lambou's estate, filed a civil complaint raising several claims relating to care provided to the decedent while he was alive and subsequent disputes while his estate was in probate. The Lambous were permitted to amend their complaint multiple times, with the 135-page third amended complaint becoming the operative pleading. This complaint appeared to allege a single claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, in addition to eleven state law claims.

On the defendants' motions, the district court dismissed the third amended complaint with prejudice. The court based its dismissal primarily on the fact that the operative filing was "an impenetrable mess—as egregious a shotgun pleading as has ever hit the

docket." It further observed that the Lambous' complaint failed to plausibly state a RICO claim, which was the sole basis for invoking federal court jurisdiction.

The Lambous now appeal, primarily arguing that the district court's shotgun-pleading determination was erroneous. However, to succeed on appeal, the Lambous "must convince us that every stated ground for the judgment against [them] is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). And, in this case, the district court's well-reasoned fifty-page order was not limited to the determination that the third amended complaint was an impermissible shotgun pleading. Indeed, the court spent over ten pages of its order thoroughly discussing each element of a civil RICO claim and explaining why the Lambous' alleged facts failed to state a plausible claim for relief under any subsection of § 1962.

The Lambous fail to plainly and prominently challenge this determination in their initial, and only, brief on appeal. *See id.* at 681 ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Rather, they passingly state that their "allegations [were] more than sufficient" to meet federal pleading requirements and briefly contend that they should have been given an additional opportunity to amend their complaint before it was dismissed with prejudice. These general arguments are insufficient to preserve any challenge to the district court's rulings. *Id.* The Lambous have therefore

"abandoned an issue on which [they] had to prevail in order to obtain reversal." *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

"When [the] appellant[s] fail[] to challenge properly on appeal one of the grounds on which the district court based its judgment, [they] [are] deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. Accordingly, we **AFFIRM** the district court's dismissal of the Lambous' third amended complaint.