**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

ESTATE OF VICTOR LAMBOU et al.,

Plaintiffs,

v. CASE NO. 1:24cv228-RH-ZCB

THE SKETCHLEY LAW FIRM et al.,

Defendants.

_________________________________/

**ORDER NOTING THE PLAINTIFFS' ATTORNEY'S FAILURE TO SHOW CAUSE AND REQUIRING THE ATTORNEY TO SHOW CAUSE AS TO THAT FAILURE, TOO**

This action was dismissed, and the plaintiffs appealed. The Eleventh Circuit now has affirmed the dismissal. ECF No. 126. The mandate issued on October 2, 2026. ECF No. 127.

Still pending in this court are six defense motions for attorney's fees and the separate issue of whether fees should be awarded on the court's own motion as a sanction under Federal Rule of Civil Procedure 11.

The order of September 4, 2025 deferred consideration of the fee and sanctions issues pending resolution of the appeal. ECF No. 99. The order set

deadlines for further filings 14 days after issuance of an Eleventh Circuit mandate dismissing the appeal or affirming the judgment in relevant respects. Ordering paragraph 1 addressed a motion that is no longer pending. The order continued as follows:

> 2. This paragraph applies to the claims against defendants other than Twyla Sketchley, the Sketchley Law Firm, the Sketchley Method, Howard W. Kessler, or Anne Van Meter. The paragraph applies separately to each other defendant. If, prior to filing their initial brief in the United States Court of Appeals for the Eleventh Circuit, the plaintiffs have not explicitly abandoned their claim against a defendant under consideration, the plaintiffs' attorney of record must show cause why sanctions, including an award of attorney's fees and costs and other monetary sanctions, should not be awarded against [him], for pursuing the claims against that defendant in violation of Federal Rule of Civil Procedure 11(b) without evidentiary support or, when specifically so identified, the likelihood of evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> 3. The deadline for the plaintiffs' attorney to show cause as required by paragraph 2 is 14 days after issuance of an Eleventh Circuit mandate dismissing the pending appeal or affirming the dismissal of the claims against the defendant under consideration. But if, prior to filing their initial brief in the Eleventh Circuit, the plaintiffs have abandoned their claims against all defendants other than those excluded by the first sentence of paragraph 2, there will be no remaining requirement to show cause.
>
> 4. The plaintiffs must file a further response on the merits to each pending motion for attorney's fees, ECF No. 84, 85, 86, 87, 88, and 89, within 14 days after issuance of an Eleventh Circuit mandate dismissing the pending appeal or affirming the dismissal of the claims against the moving defendant.

> 5. Consideration of the pending fee motions and order to show cause is stayed until 14 days after issuance of an Eleventh Circuit mandate in the pending appeal.

ECF No. 99 at 3–4. The order of November 10, 2025 confirmed the deadlines. ECF No. 104.

Because the mandate issued on October 2, the 14-day deadline was October 16. The plaintiffs and their attorney filed nothing by that deadline. When an attorney ignores an order to show cause, it usually does not end well for the attorney. This order does not extend the deadline, but the order sets a date after which a ruling will be made on the pending motions and on the failure to show cause. The failure of the plaintiffs and their attorney to make the required filings by that date may support an inference that they had no colorable response on the merits.

IT IS ORDERED:

1. The motions for attorney's fees, ECF Nos. 84, 85, 86, 87, 88, and 89, will be addressed on or after October 30, 2026.

2. The order requiring the plaintiffs' attorney of record Michael Ferderigos to show cause, ECF No. 99 at 3 ¶ 2, will be addressed on or after October 30, 2026.

3. Mr. Ferderigos must show cause by October 30, 2026 why sanctions should not be imposed against him based on his failure to show cause by October

16, 2026, as required by the orders of September 4 and November 10, 2025, ECF Nos. 99 and 104, and his failure even to respond to the show-cause order.

SO ORDERED on October 19, 2026.

s/Robert L. Hinkle
United States District Judge