**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

ESTATE OF VICTOR LAMBOU *et al.*,
Plaintiffs,

v.

CASE NO. 1:24cv228-RH-ZCB

THE SKETCHLEY LAW FIRM *et al.*,
Defendants.
___________________________________/

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS**

Pursuant to Local Rule 11.1(H), Michael Ferderigos, Esq., respectfully requests relief from the Court's January 27, 2026 order [DE 117] and files this motion to withdraw as attorney of record for Plaintiffs. This motion addresses the Court's concerns in its January 27, 2026 order [DE 117] to the fullest extent permitted by the Rules Regulating the Florida Bar.

**BACKGROUND**

1. In August 2025, Plaintiffs Geralyn and Denita Lambou, by letter of representation, retained Virginia Ashley Paxton and Thomas L. Hunker to take over as lead counsel in the appeal of the final judgment in this matter. Movants Paxton and Hunker appeared in the appeal on behalf of Plaintiffs.

2. During telephone conferences in September and October 2025, Plaintiffs and Mr. Ferderigos advised Movants Paxton and Hunker that as of September 2025, Mr. Ferderigos no longer represents Plaintiffs in this action. Mr. Ferderigos confirms that his representation of Plaintiffs ended in September 2025.
3. Mr. Ferderigos has not practiced law in over one year.
4. On October 20, 2025, Ms. Paxton and Mr. Hunker filed their notices of appearance in this Court. [DE 101, 102].
5. On January 5, 2026, this Court entered an order denying the prior withdrawal motions without prejudice and required Plaintiffs to file a notice by January 21, 2026 stating whether Michael Ferderigos remains counsel, and if not, when and how his representation ended. [DE 109 at 3].
6. On January 27, 2026, this Court entered an order indicating that Mr. Hunker, Ms. Paxton, and Mr. Ferderigos remain attorneys of record because no timely notice was filed. [DE 117].
7. On June 11, 2026, this Court entered an order granting the withdrawal of Ms. Paxton and Mr. Hunker. [DE 119].
8. This Court subsequently entered an order dated October 19, 2026, requiring Mr. Ferderigos to show cause by October 30, 2026 why

sanctions should not be imposed against him for failing to respond to the orders of September 4 and November 10, 2025 [DE 99, DE 104], and for failing to respond to the show-cause order itself.

9. Mr. Ferderigos files this motion upon first learning of the October 19, 2026 order and of his continued designation as counsel of record in this action.

**REQUEST FOR RELIEF FROM THE JANUARY 27, 2026 ORDER**

10. Mr. Ferderigos acknowledges the Court's findings in its January 27, 2026 order [DE 117] regarding the missed deadline set by the Court's January 5, 2026 order [DE 109]. The lack of response was inadvertent and not willful or contumacious. Mr. Ferderigos believed that Ms. Paxton and Mr. Hunker had taken over the representation of Plaintiffs and had appeared on their behalf in this Court, and he therefore did not understand himself to remain responsible for filings in this action.

11. This Court has an incorrect and non-operative email for Mr. Ferderigos, which he has not used nor can access in over a year, michael@civilestatelaw.com. Mr. Ferderigos no longer practices law and has not practiced law in over a year. Thus, Mr. Ferderigos was never properly noticed on this case in over a year.

12. As stated above, during telephone conferences in September and October 2025, Plaintiffs and Mr. Ferderigos advised that as of September 2025, Mr. Ferderigos no longer represents Plaintiffs in this action.

13. Mr. Ferderigos has drafted this filing to comply with the Florida Rules Regulating the Florida Bar and governing federal and local law, including duties of confidentiality and attorney-client privilege. Accordingly, Mr. Ferderigos states only the minimum necessary facts and, if the Court requires additional detail, requests leave to provide it in camera and/or under seal.

14. Mr. Ferderigos respectfully requests that the Court accept this as a full and complete response to cure the issues identified in the Court's January 5, 2026 order [DE 109] and to modify or vacate its January 27, 2026 interlocutory order [DE 117] to the extent necessary to permit his withdrawal on the terms set forth below.

## REQUEST FOR LEAVE TO WITHDRAW

### A. Grounds stated with confidentiality protections

16. Mr. Ferderigos has good cause to seek withdrawal. He has not practiced law in over one year, he has not represented Plaintiffs in this action since September 2025, and Plaintiffs have been represented in

this Court by Ms. Paxton and Mr. Hunker, whose withdrawal the Court has granted [DE 119]. Continued designation of Mr. Ferderigos as counsel of record no longer reflects the actual state of the representation.

17. Mr. Ferderigos is constrained by the Florida Bar's confidentiality rules and attorney-client privilege and therefore cannot publicly disclose further detail without risking disclosure of confidential information relating to the representation and/or privileged communications. Mr. Ferderigos has stated the bases for withdrawal at the highest level of generality consistent with ethical obligations. If the Court determines that additional information is required, Mr. Ferderigos respectfully requests an order permitting him to submit additional support in camera and/or under seal to the limited extent necessary.

**C. No material prejudice; orderly transition**

18. If withdrawal is granted, Mr. Ferderigos will take steps reasonably practicable to protect Plaintiffs' interests during transition, consistent with ethical obligations, including cooperating with substitute counsel (if any) and complying with any court-imposed deadlines or conditions.

19. There will be no prejudice to Plaintiffs or any other party to this action arising from Mr. Ferderigos's withdrawal. This Court's November 10, 2025 order stayed further post-judgment proceedings until 14 days after the Eleventh Circuit issues its mandate in the appeal. *See* [DE 104]. The claims against Defendants are no longer being prosecuted by Mr. Ferderigos in any event, and he has not performed any attorney function in this matter since September 2025.

**D. The Estate's representative-capacity**

20. In its January 5, 2026 order, the Court noted that at least two Plaintiffs appear to be proceeding in representative capacities and that a personal representative generally cannot proceed pro se in representing an estate. *See* [DE 109 at 2].

21. Mr. Ferderigos respectfully requests that, if withdrawal is granted, this Court's prior directives regarding any estate or representative-capacity Plaintiff(s) obtaining substitute counsel remain in effect.

**E. Physical addresses for Plaintiffs**

22. The Court's January 5, 2026 order also requires "notice of a physical address where any pro se plaintiff can receive hard-copy mailings." [DE 109 at 2].

23. The following addresses are provided based on information previously furnished to this Court by prior counsel:

| Plaintiff | Physical Address | Phone Number | Email Address |
|---|---|---|---|
| Geralyn Lambou | 262 Snowy Egret Court, Madisonville, LA 70447 | 323-707-5741 | grlambou@gmail.com |
| Denita Lambou | 233 Bay Pine Drive, Crawfordville, FL 32327 | 850-980-2002 | denitalambou@gmail.com |
| Vicki Lambou | 6916 Little Brook Street, Las Vegas, NV 89131 | 702-418-8482 | vickilambou@gmail.com |
| Estate of Victor Lambou | See above contact information for Co-Personal Representatives Geralyn Lambou and Denita Lambou | | |

24. Mr. Ferderigos has not confirmed with Plaintiffs whether these addresses are current and requests that the Court direct Plaintiffs to confirm their current mailing addresses directly.

## RELIEF REQUESTED

WHEREFORE, Mr. Ferderigos respectfully requests that the Court:

A. Accept this filing as satisfying the Court's January 5, 2026 [DE 109] notice requirement as to him;

B. Modify or vacate the January 27, 2026 order [DE 117] to the extent necessary to permit his withdrawal;

C. Grant Mr. Ferderigos leave to withdraw as counsel of record for Plaintiffs;

D. Find that Mr. Ferderigos's failure to respond to [DE 109] was inadvertent and not willful or contumacious; and

E. Grant such other necessary and proper relief consistent with the foregoing.

Dated: October 20, 2026

Respectfully submitted,

/s/ Michael Ferderigos
Michael Ferderigos, Esq.
Florida Bar #: 604011
10454 Birch Tree Lane
Windermere, FL 34786
407-592-0035
mferderigos@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on October 20, 2026, I served Plaintiffs by email at the following email addresses: Denita Lambou: denitalambou@gmail.com; Geralyn Lambou: grlambou@gmail.com; and Vicki Lambou: vickilambou@gmail.com. I further certify that on October 20, 2026, I served this filing through CM/ECF on all counsel of record:

Daniel Andrew Nicholas, Esq. — COLE SCOTT & KISSANE, PA, 500 North Westshore Blvd, Suite 700, Tampa, FL 33609
*Attorney for Defendants William Johnson, William Johnson, P.A.; Howard Kessler; and Ann Van Meter*

Aaron Mitchell Danzig, Esq.; Lisa J. Churvis, Esq. — ARNALL GOLDEN GREGORY, LLP, 171 17th Street NW, Atlanta, GA 30363
*Attorneys for Defendants Cherry Laurel; Holiday By Atria, Inc.; and Atria Management Company*

Robert Rivas, Esq. — SACHS SAX CAPLAN, 6111 Broken Sound Pkwy NW, Suite 200, Boca Raton, FL 33487
*Attorney for Defendants Howard Kessler; and Ann Van Meter*

D. Ty Jackson, Esq. — HOLLAND & KNIGHT, LLP, 315 S Calhoun Street, Suite 600, Tallahassee, FL 32301
*Attorney for Defendants Cherry Laurel; Holiday By Atria, Inc.; and Atria Management Company*

Elizabeth Minor Van Den Berg, Esq.; Mary Katherine Simpson, Esq. — GUILDAY LAW, 1566 Village Square Boulevard, Tallahassee, FL 32309
*Attorneys for Defendants Twyla Sketchley; The Sketchley Law Firm; and The Sketchley Method*

Laiken Mackenzie Cowley, Esq.; Robert Jacob Sniffen, Esq. — SNIFFEN & HARMON, P.A., 123 N. Monroe Street, Tallahassee, FL 32301
*Attorneys for Defendant Leonard Helfand*

Anthony Lee Bajoczky, Jr., Esq. — VLP COPENHAVER ESPINO, P.A., 413 East Park Avenue, Tallahassee, FL 32301
*Attorney for Defendant Big Bend Hospice*

Benjamin Chase Patton, Esq. — MCRAE & METCALF, P.A., 2612 Centennial Place, Tallahassee, FL 32308
*Attorney for Defendants Michael Scott Hutchison; and Southern Oaks Real Estate*

Marjorie Salem Hensel, Esq.; Katrina S Brown, Esq. — BUSH ROSS P.A., 1801 N. Highland Avenue, Tampa, FL 33602
*Attorneys for Defendant Hayward Title Group*

Michael John Thomas, Esq.; Christopher Hill, Esq. — PENNINGTON P.A., 215 S Monroe Street, Suite 200, Tallahassee, FL 32301
*Attorney for Defendants TMH Physician Partners; Tallahassee Memorial Hospital; Tallahassee Memorial Healthcare, Inc.; and FSU SeniorHealth*

David Robert Wright, Esq.; Kevin P. McCoy, Esq.; Stefano Joseph Cavallaro, Esq. — CARLTON FIELDS, P.A., 4221 W Boy Scout Boulevard, 10th Floor, P.O. Box 3239, Tampa, FL 33607
*Attorneys for Defendant St. Augustine Plantation*

Respectfully submitted,

/s/ Michael Ferderigos
Michael Ferderigos, Esq.
Florida Bar #: 604011